**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Magdalene F. Pierce,        ) | No. CV 06-823-PHX-MHM |
|                             ) | |
|     Plaintiff,              ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| CVS Pharmacy, Inc. and CVS 3749AZ,) | |
| L.L.C.,                     ) | |
|                             ) | |
|     Defendants.             ) | |
|                             ) | |

Presently pending before the Court is Defendant CVS Pharmacy, Inc.'s Motion to Strike Plaintiff's Expert Witness (Doc. 35). Plaintiff has filed a Response (Doc. 39), and Defendant has filed a Reply (Doc. 41). The Court considers that papers submitted and issues the following Order.

## LEGAL STANDARD

Rule 26(a)(2)(B) deals with disclosure of expert reports and provides as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;

> the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B). Rule 37 addresses a party's failure to disclose expert reports and provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed.R.Civ.P. 37(c)(1).

The Ninth Circuit Court of Appeals has observed that "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)(citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)). In Yeti by Molly the Ninth Circuit upheld the district court's exclusion of expert testimony where the defendant disclosed the expert's report outside the time provided by Rule 26(a)(2). The court explained that Rule 37(c)(1),

> is a recognized broadening of the sanctioning power. Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir.1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule...."). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." Fed.R.Civ.P. 37 advisory committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. Ortiz-Lopez, 248 F.3d at 35 (although the exclusion of an expert would prevent plaintiff from making out a case and was

- 2 -

"a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)).

Yeti by Molly, 259 F.3d at 1106.

The Ninth Circuit also noted that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id. The party facing sanctions bears the burden in this regard. Id. at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

## DISCUSSION

Defendant contends that Plaintiff's expert disclosures are procedurally and substantively deficient pursuant to Rule 26(a)(2), Fed.R.Civ.P. and requests that the Court prohibit Plaintiff from using the expert witnesses and from presenting any evidence of their opinions at trial.

Defendant asserts that Plaintiff's expert disclosures are procedurally deficient because on December 5, 2006, Plaintiff's expert disclosure deadline, Plaintiff's counsel merely emailed a series of attachments that it suggested were electronic versions of the expert reports that would be sent out in hard copy later that day. Defendant states that at the time it filed its Motion to Strike, it had not received hard copies of Plaintiff's expert reports. According to the emailed reports, Plaintiff's four experts include Stephen Gilliland (management expert), Timoth Vollmer (medical expert), Lisa Clapp (vocational expert), and John Buehler (expert economist). In Response, Plaintiff states that the day it received Defendant's Motion to Strike, Plaintiff's counsel hand-delivered the expert reports – the identical reports they had emailed on December 5, 2006 – to defense counsel.

Defendant asserts that Plaintiff's expert disclosures are substantively deficient because each report is missing multiple required elements. Specifically, Defendant contends that none of the expert reports included the witnesses' qualifications and none contain the compensation paid; only one of the four reports listed other cases in which the expert testified

1   in the last four years; the medical expert and economist's reports were unsigned; and the
2   medical and vocational expert reports contained no exhibits supporting their opinions.

3   Regarding witness qualifications, Plaintiff contends that Mr. Buehler's report contains
4   his curriculum vitae ("CV"); Ms. Clapp's report contains her expert qualifications on page
5   two of her report and a list of her publications on pages two and three; Dr. Gilliland's report
6   contained a description of his professional background and his CV containing his
7   qualifications and publications is attached to his report; Dr. Vollmer is not a retained expert
8   but, rather, is a treating physician, nevertheless, his CV with his qualifications and
9   publications, is attached to his report.

10  Defendant contends that the hand-delivered reports are not identical to the emailed
11  reports as Plaintiff claims.  Defendant asserts that the emailed reports from the economist
12  expert, the management expert, and the medical expert all lacked CVs, whereas the hand-
13  delivered hard copies included these experts' CVs.  Further, the emailed economist's report,
14  management report, and medical report did not contain a list of cases in which those experts
15  had testified, whereas the hand-delivered hard copies included such lists.

16  Defendant asserts that despite the additional information included in the hard copies
17  of the reports, the expert reports remain deficient for the following reasons: (1) they lacked
18  information about the compensation paid to any of the experts; (2) neither the management
19  expert nor the medical expert's reports included statements concerning cases in which the
20  expert had testified in the last four years; and (3) the economist expert's report was unsigned,
21  the vocational expert's qualifications and publications were still missing.

22  Regarding the pay that each witness will receive, Plaintiff's counsel states that defense
23  counsel now has been provided the pay that the three retained experts will receive.  Again,
24  Dr. Vollmer is a treating physician, not a retained expert.  Therefore, Plaintiff states, no
25  payments will be made to Dr. Vollmer for his testimony.

26
27
28

1   Regarding lists of other cases in which the expert had testified, Plaintiff asserts that
2   Dr. Buehler's report includes a list of the cases in which he has testified; Ms. Clapp's report
3   includes a list of cases in which she has been retained or testified; Plaintiff's counsel now has
4   provided a list of cases in which Dr. Gilliland has testified; and, apparently, Dr. Vollmer has
5   not testified in the last four years and Plaintiff's counsel now has provided a statement to that
6   effect to defense counsel.  Plaintiff's counsel also states that they now have provided signed
7   reports for Mr. Buehler and Dr. Vollmer, as well as exhibits to Dr. Gilliland's report.[1]
8   Counsel states that Dr. Vollmer's exhibits consist of Plaintiff's medical records, which have
9   been provided previously to defense counsel.  Thus, Plaintiff contends that she has cured the
10  defects in her expert disclosures and argues that granting Defendant's Motion to Strike is too
11  extreme a sanction when the deficiencies and any prejudice to Defendant have been
12  remedied.

13   Finally, Defendant claims that, to date, Plaintiff's expert reports remain deficient. The
14  deficiencies include Plaintiff's vocational expert's list of publications, which remains
15  incomplete; and Plaintiff's medical expert's report, which lacks the basis for his opinions on
16  issues that go beyond those of a treating physician, including a historical account of multiple
17  sclerosis and a statistical analyses of multiple sclerosis patients. See Thomas v. Consolidated
18  Rail Corp., 169 F.R.D. 1, 2-3 (D. Mass. 1996) (when testimony is "not merely based on
19  observations made during the course of treatment, but on professional expertise going beyond
20  treatment *per se* . . .  a report as required by Fed.R.Civ.P. 26(a)(2)(B) should be provided").

---

[1] Plaintiff stated that even though Dr. Gilliland's report lacked exhibits supporting his opinions, the report contained specific web page addresses for exhibits supporting his opinions "and, thus, they are available to defense counsel." Pl.'s Resp. at 3:17-21.  Though already cured, the Court finds necessary to point out that Rule 26(a)(2)(B) requires the expert report include *within the report* "the data or other information considered by the witness in forming the opinions [and] any exhibits to be used as a summary of or support for the opinions," among other things.  Thus, merely including web page addresses for exhibits is insufficient and does not meet the requirement of Rule 26(a)(2)(B).

- 5 -

1  Defendant cites Nelson v. City & County of San Francisco, 123 Fed. App. 817, 818-
2  19 (9th Cir. 2003) to argue that a court may exclude an expert's opinion on the grounds that
3  the report did not comply with Rule 26(a)(2) without a showing of willful deception.
4  However, in Nelson, the plaintiff analyzed materials contained in his expert's report but he
5  did not identify the expert as such, nor did he provide a copy of the report with his statement.
6  Id. at 819. The Ninth Circuit found that the district court did not abuse its discretion because
7  the plaintiff in Nelson clearly had prejudiced the defendant by not affording defendant an
8  opportunity to depose plaintiff's expert. Id. at 820.

9  In the instant case, Plaintiff's expert reports were, and possibly remain, deficient.
10 However, unlike in Nelson, Plaintiff has informed Defendant as to the identity of all her
11 experts. This disclosure enables Defendant to depose Plaintiff's experts. Defendant asserts
12 that Plaintiff's hand-delivered reports lack required information. Plaintiff contends that she
13 has cured these deficiencies. Though, based on Defendant's Reply brief, it seems that
14 Plaintiff has yet to cure all deficiencies in her expert reports. Nevertheless, the Court is
15 unaware of any prejudice Defendant has suffered because of the deficiencies in Plaintiff's
16 experts' reports. Nor has Defendant pointed to any specific prejudice. Defendant has merely
17 asserted that Plaintiff is not in a position to contend that Defendant has not suffered
18 prejudice.

19 It appears that Plaintiff has made attempts to cure the deficiencies in her expert reports
20 but that deficiencies may remain. Therefore, because any deficiencies are able to be cured,
21 Defendant has not pointed to any specific prejudice it has suffered due to the deficiencies,
22 and striking Plaintiff's expert would greatly prejudice her case, the Court will grant a short
23 extension of time for Plaintiff to cure any remaining deficiencies. Plaintiff shall have eleven
24 days from the file date of this Order to cure any remaining deficiencies in any of her expert
25 reports. Accordingly, Defendant's Motion to Strike Plaintiff's Expert Witnesses is denied
26 without prejudice.

27
28

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witnesses (Doc. 35) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have eleven (11) days from the file date of this Order to cure any remaining deficiencies in her expert reports.

**IT IS FURTHER ORDERED** that Defendant shall disclose rebuttal experts within thirty (30) days from either the file date of this Order, if Plaintiff has cured all defects in her expert reports; or thirty (30) days from the date Plaintiff cures any remaining deficiencies. In any event, Defendant shall disclose rebuttal experts within forty-one (41) days of the file date of this Order.

DATED this 13th day of September, 2007.

_____
Mary H. Murguia
United States District Judge